**UNITED STATES of America**

v.

**Edward REED.**

**Crim. No. 12154.**

United States District Court
D. Connecticut.

March 7, 1968.

---

## MEMORANDUM OF DECISION ON MOTION TO REVOKE BOND

ZAMPANO, District Judge.

On October 20, 1967, Edward Reed, as one of three armed men who robbed the Allingtown Branch of the First New Haven National Bank, was convicted after a jury trial of larceny under the provisions of the federal bank robbery statute, 18 U.S.C. § 2113. The facts surrounding the offense are set forth in this Court's Memorandum of Decision On Defendants' Motions For Judgments of Acquittal and New Trials, dated December 22, 1967.

On January 8, 1968, Reed was sentenced to a term of imprisonment for nine years. At that time the government moved, pursuant to 18 U.S.C. § 3148, to hold the defendant without bond pending appeal. The government did not contend that defendant might flee the jurisdiction but vigorously argued that he represented a danger to the community.

In ruling on this motion, the Court noted there were competing interests involved. It recognized the period of time necessary to process an appeal and indicated that the questions defendant sought to raise on appeal were not frivolous. On the other hand, the Court pointed out that, to a large extent, the defendant's past record and established disrespect for authority did make him a danger to the community. As of January 25, 1968, the defendant had been arrested 27 times on 43 charges and had been fined or sentenced to imprisonment 29 times. On balance, however, the Court decided that

the extraordinary measure of holding a convicted defendant without bail pending appeal would not be appropriate. Therefore, the Court denied the government's motion. However, the Court cautioned the defendant as follows:

> I would like to say this to Mr. Reed. You are an eyelash away from being denied bail, and I just say to you that it will not take very much at all for me to revoke this order. I suggest you confer with your attorney at length concerning my comments, and he will advise you to use very good sense * * *. I am not saying exactly what conduct on your part will be sufficient to revoke the order, but I will say to you, and I will say to the Government, it will not be very much. It may not even be another arrest because the Government has presented in my mind sufficient evidence for me in good conscience to deny you bail.

Since the hearing of January 8, 1968, Reed has further lengthened his already extensive police record and the government now renews its motion to revoke defendant's bond.

On January 22, 1968, a grand jury returned a three-count indictment charging the defendant Reed with robbing the Long Wharf Branch of the First New Haven National Bank on January 19, 1967. On January 16, 1968, the defendant pleaded guilty to charges of breach of the peace and of abusing a police officer, Conn.Gen.Stats. §§ 53–174, 53–165, in the Eighth Circuit Court in West Haven, Connecticut. Among other things, these charges involved a threat by Reed upon the life of an East Haven police officer. On February 2, 1968, Reed was arrested by the state police for operating a motor vehicle without a license and for changing lanes in an unsafe fashion, Conn.Gen. Stats. §§ 14–36, 14–236.

It now seems apparent to this Court that the government has sustained its burden of showing that the defendant represents such a danger to the community that his bond should be revoked.

Accordingly, it is

Ordered, that the defendant's bond of $35,000 is hereby revoked; and it is further

Ordered, that the defendant, Edward Reed, shall surrender himself to the United States Marshal, United States Courthouse, New Haven, Connecticut, not later than March 8, 1968, at 5:00 P.M.