**UNITED STATES of America**

v.

**George CRUTCHER, Hampton Hazel and John Payne.**

**Crim. No. 11805.**

United States District Court
D. Connecticut.

April 5, 1968.

See also, D.C., 272 F.Supp. 939.

Frederick W. Danforth, Jr., New Haven, Conn., for defendants.

John Cassidento, Asst. U. S. Atty., New Haven, Conn., for the United States.

TIMBERS, Chief Judge.

Each of the above-named defendants, ably represented by conscientious court appointed counsel on appeal, having filed in the District Court motions to reduce their bail pending appeal from $25,000 with surety to $2500 or, in the alternative, to release them on their own recognizance; and

The Court, at the request of defendants' counsel, having held an evidentiary hearing on March 18, 1968; having fully heard arguments of counsel for defendants and of counsel for the government; having received and considered defendants' motions, affidavits and other evidence offered on behalf of defendants, and the briefs of counsel for defendants and of counsel for the government; and having reviewed and given consideration to the entire record of all proceedings in this case, including the seven day trial over which the undersigned presided; and

▮▮ The Court being of the opinion that the said motions in the case of each

defendant should be denied for the following reasons:

(1) Each defendant after a jury trial was convicted of four counts charging violations of federal law in connection with the hijacking of a tractor-trailer on the Connecticut Turnpike in the early morning of August 9, 1966: 18 U.S.C. § 2312 (interstate transportation of stolen motor vehicle); 18 U.S.C. § 2314, ¶1 (interstate transportation of stolen merchandise); 18 U.S.C. § 659 (stealing goods from interstate shipment); and 18 U.S.C. § 371 (conspiracy).

(2) Under count two (18 U.S.C. § 2314, ¶1), Crutcher was sentenced on March 20, 1967 to 10 years, Payne to 9 years and Hazel to 8 years. Sentences to run concurrently with those under count two were imposed on each defendant under count one (18 U.S.C. § 2312) and count three (18 U.S.C. § 659). Imposition of sentence under count four (18 U.S. C. § 371) was suspended as to each defendant and each was placed on probation for 5 years after his release from prison.

(3) Upon return of the jury verdicts of guilty on February 23, 1967, the Court increased the bonds of Crutcher and Hazel from $2500 to $25,000 with surety; and continued Payne's bond at $25,000 with surety, the amount previously fixed. Each defendant has been incarcerated for lack of bail since conviction, the Court's orders with respect to bail having continued pending appeal.

(4) The nature and circumstances of the offense were particularly aggravated. Defendants had stalked the tractor-trailer west bound along the Connecticut Turnpike. When it turned off the Turnpike and parked in an isolated truck rest area near Exit 18 at about 2:35 A.M., defendants pounced on the driver, Salvatore DiRoberto; held a knife to his throat and threatened to kill him

if he moved; bound and gagged him; bounced him up and down on his stomach to knock the wind out of him; threw him down an embankment with a parting admonition not to move for an hour and a half or they would kill him. Defendants were armed with a gun, Hazel being the gunman, to the knowledge of the other defendants. The tractor-trailer was driven by two accomplices, at the direction of defendants, west bound on the Connecticut Turnpike, on to the New York Thruway and ultimately was halted at gun point by the New York State Police at the New Rochelle toll station. The three defendants, who followed in Crutcher's car, turned off the Connecticut Turnpike to avoid apprehension and temporarily escaped. They ultimately were arrested in New Jersey.

(5) The weight of the evidence against defendants was overwhelming, including eye witness identification testimony by the truck driver, DiRoberto, and the two accomplices, Davis and Minniefield. The latter two, named as defendants, pleaded guilty to count two, testified for the government at the trial, and ultimately each was sentenced to 2 years in prison. Defendants' defenses were chiefly alibi defenses, based on testimony by defendants and other witnesses called by them, to the effect that defendants were in New Jersey—not in Connecticut —on the night of the offense. The jury questions thus squarely presented were resolved by the jury which, by its verdict, rejected defendants' alibi defenses.

(6) Extensive records of previous convictions of each defendant reveal a flagrant disregard for judicial authority. Two of the defendants, Crutcher and Payne, have been involved together in at least one previous offense similar to that in which they were involved in the instant case.

(7) Detainers by New Jersey state authorities have been outstanding against each of the three defendants since the trial of the instant case, including charges of armed robbery against Hazel and Payne. Crutcher's counsel informed the Court at the time of the argument on the instant motions that the New Jersey detainer against him had been withdrawn that day; but, according to government counsel, such action by the New Jersey authorities was because of the sentence Crutcher is serving in the instant case. In any event, Crutcher informed this Court in writing shortly after he was sentenced that he had elected to start serving his sentence in the instant case immediately.

(8) Although released pending trial pursuant to the liberal provisions of the Bail Reform Act, 18 U.S.C. § 3146, each defendant defaulted one or more times in appearing at court proceedings in the instant case. Payne defaulted four times, including the first day of the trial when he deliberately sought to avoid detection by giving a fictitious name when arrested in New Jersey a day or two before commencement of the trial of the instant case. Transcript Of Proceedings In United States v. Crutcher, et al., February 15, 1967, pp. 65–66. One of Payne's other defaults in appearance was the subject of this Court's opinion in United States v. Payne, 272 F.Supp. 939 (D.Conn.1967) (motion by surety to set aside judgment on default of bail denied).

(9) None of the defendants has any roots whatsoever in this community. Such family ties as they claim to have are outside of the jurisdiction of this Court; and the alibi testimony at the trial of members of the families of Crutcher and Payne has raised grave doubts as to their trustworthiness.

(10) Defendants' employment records prior to their present incarcerations were spotty at best. Their court appointed counsel on appeal conscientiously has endeavored to show the availability of employment for Crutcher and Hazel if and when released. As commendable as such efforts are on the part of counsel, the facts set forth above, in the opinion of this Court, clearly do not warrant reduction of bail pending appeal for any of defendants.

(11) The specific issue before the Court on the instant motions is whether the Court's orders fixing bail for each defendant pending appeal in amount of $25,000 with surety should be modified so as to reduce bail or to release defendants on their own recognizance. The Court holds, pursuant to 18 U.S.C. § 3146, that there are no conditions of release, other than heretofore ordered, which reasonably will assure the appearance of each defendant when required.

(12) But for the assurance of defendants' court appointed counsel on appeal that defendants cannot furnish $25,000 bond with surety, the Court would be constrained, pursuant to 18 U.S.C. § 3148, to order each defendant detained without bail pending appeal. Upon the facts set forth above, there exists as to each defendant a distinct risk of flight and each poses a danger to other persons and to the community. They should be detained pending appeal. See United States v. Ursini and Capaldo, 276 F.Supp. 993 (D.Conn.1967).

It is therefore

ORDERED as follows:

(1) That the motion of each defendant for reduction of bail pending appeal is denied.

(2) That the Court's orders now in effect fixing bail pending appeal in amount of $25,000 with surety for each defendant are confirmed.

(3) That the foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P., as well as such written reasons for the Court's instant order as may be required by 18 U.S.C. § 3146. Cf. 18 U.S.C. § 3148.