**UNITED STATES of America**

v.

**John PAYNE.**

**Crim. No. 11805.**

United States District Court
D. Connecticut.

Oct. 31, 1968.

See also D.C., 272 F.Supp. 939 and 287 F.Supp. 356.

Frederick W. Danforth, Jr., New Haven, Conn., for defendant.

John Cassidento, Asst. U. S. Atty., New Haven, Conn., for the United States.

TIMBERS, Chief Judge.

Defendant John Payne, a four time defaulter in appearances before this Court, moves for reduction of bail pending retrial. For the reasons stated below, the motion is denied.

Payne was indicted, tried and convicted by a jury on four counts of violations of federal law in connection with the hijacking of a tractor-trailer on the Connecticut Turnpike on August 9, 1966. Nine year concurrent sentences were imposed on Payne on March 20, 1967. Bond at $25,000 with surety was fixed for Payne prior to his trial in February 1967. He has been incarcerated continuously since February 16, 1967 for lack of bail, *including the period of his first trial* and throughout his appeal. This Court denied his motion for reduction of bail pending appeal. United States v. Crutcher, Hazel and Payne, 287 F.Supp. 356 (D.Conn.1968).

On September 12, 1968, the Court of Appeals affirmed the convictions of Payne's co-defendants, Crutcher and Hazel, but remanded Payne's case for a hearing as to whether he had waived his right to be present during the impanelling of the jury or, in the alternative, for a new trial. United States v. Crutcher, Hazel and Payne, 405 F.2d 239 (2 Cir. 1968). The government has elected to retry Payne. The Court has ordered his case placed at the head of the criminal trial list for retrial by the first available judge.

█ The reasons for this Court's denial of Payne's motion for reduction of bail pending appeal are believed to be substantially applicable here (with one exception noted below) and will not be repeated in detail. 287 F.Supp. 356. Among the factors to be taken into account in determining appropriate conditions of release under 18 U.S.C. § 3146 in the case of Payne, the nature and circumstances of the offense were particularly aggravated, id. at 357–58; the weight of the evidence against him was overwhelming, id. at 358; his extensive record of previous convictions reveals a flagrant disregard for judicial authority, id. at 358; Payne and his co-defendant, Crutcher, were involved together in at least one previous offense similar to that in which they were involved in the instant case, id. at 358; detainers by New Jersey authorities are outstanding against Payne upon charges of armed robbery, id. at 358; his employment record prior to his present incarceration was spotty at best, id. at 359; he has no roots whatsoever in this community, id. at 358; and Payne has defaulted four times in the past in appearing in court proceedings in the instant case, one of which was the subject of this Court's opinion in United States v. Payne, 272 F.Supp. 939 (D. Conn.1967).

It so happens that the last of Payne's four defaults in appearing in this Court provided the occasion for his case being remanded for retrial. On the first day of his original trial, February 15, 1967, he not only failed to appear for trial, but he deliberately sought to avoid detection by giving a fictitious name when arrested in New Jersey two days earlier. United States v. Crutcher, Hazel and Payne, 405 F.2d 239, 242 (2 Cir. 1968); United States v. Crutcher, Hazel and Payne, 287 F.Supp. 356, 358 (D.Conn.1968). This Court, in connection with that default in Payne's appearance for trial, erred in permitting a jury to be impanelled in his absence, although with the consent of his attorney. Hence the retrial of Payne's case.

Payne's court appointed attorney urges in support of the instant motion for reduction of bail pending retrial that Payne is entitled to the presumption of innocence and that his motion should be considered as one made prior to trial under 18 U.S.C. § 3146. The Court agrees. Nevertheless, the Court is not required to blind itself to the overwhelming weight of the evidence against Payne at the first trial which resulted in his conviction by a jury. And the government, in electing to retry him, presumably has available at least the same evidence which resulted in his conviction at the first trial.

█ The Court holds, pursuant to 18 U.S.C. § 3146, that there are no conditions of release, other than ordered below, which reasonably will assure Payne's appearance when required at the retrial of his case.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P., as well as the written reasons for the Court's instant order as may be required by 18 U.S.C. § 3146.

### ORDER

ORDERED as follows:

(1) That Payne's motion for reduction of bail pending retrial is denied.

(2) That Payne may be released pending retrial only upon the posting of a $25,000 surety bond to be approved by the Court or upon the depositing of cash in that amount with the Clerk of this Court.