**UNITED STATES of America**

v.

**Charles JACKSON.**

**Crim. No. 11829.**

United States District Court
D. Connecticut.

Jan. 6, 1969.

See also, D.C., 287 F.Supp. 80 and D.C., 262 F.Supp. 716, aff'd, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138.

Paul S. Sherbacow, Asst. U. S. Atty., Hartford, Conn., for the United States.

Stephen I. Traub, of Lynch & Traub, New Haven, Conn., for defendant Jackson.

TIMBERS, Chief Judge.

Defendant Charles Jackson has moved, pursuant to Rule 9(b), Fed.R.App.P., for release pending appeal following imposition of a 25 year sentence of imprisonment upon his conviction by a jury of violations of the Federal Kidnaping Act, 18 U.S.C. § 1201(a), and the Dyer Act, 18 U.S.C. § 2312.

After a hearing on December 19, 1968, the Court ordered that Jackson be held without bond pending appeal pursuant to 18 U.S.C. § 3148.

The following findings of fact and conclusions of law are made in support of the said order—specifically, in support of the Court's holding that it "has

reason to believe that no one or more conditions of release [specified in 18 U.S.C. § 3146(a)] will reasonably assure that the [defendant] will not flee or pose a danger to any other person or to the community." 18 U.S.C. § 3148.

## FINDINGS OF FACT

(1) Defendant Jackson was charged with two other defendants in a two count indictment returned by a grand jury in the District of Connecticut on October 10, 1966 with kidnaping one John Joseph Grant, III and transporting him from Connecticut to New Jersey on September 2, 1966, in violation of 18 U.S.C. § 1201(a), and with transporting a stolen motor vehicle across state lines on the same date, in violation of 18 U.S.C. § 2312.

(2) Ably represented by court appointed counsel, Jackson was convicted on both counts by a jury on July 3, 1968, after a 5 day trial at New Haven.[1]

(3) Following a presentence investigation and report, Jackson was sentenced on November 29, 1968 to a 25 year term of imprisonment on count one of the indictment which charged violation of the Federal Kidnaping Act, 18 U.S.C. § 1201(a), and to a concurrent 5 year term of imprisonment on count two which charged violation of the Dyer Act, 18 U.S.C. § 2312. The sentence was imposed under 18 U.S.C. § 4208(a) (2).[2]

(4) Jackson filed a notice of appeal on December 5, 1968.

(5) At Jackson's trial there was evidence, based chiefly on the eye witness testimony of the kidnaped victim, Grant, from which the jury could have found that on September 2, 1966 Jackson at gunpoint held up a truck being driven by Grant near the Schick plant in Milford, Connecticut; Jackson forced Grant to leave the cab of the truck and, with Jackson, to get into the back seat of a passenger vehicle which then was driven by Walsh to Alpine, New Jersey; during the entire trip Jackson held a .38 revolver pointed at Grant's side, warning Grant, "Don't be a TV hero or I'll put a bullet through your head"; in a wooded area near Alpine, New Jersey, Jackson and Walsh walked Grant to a spot 80 feet from the highway where Jackson tied Grant to two trees, securing his hands around one tree by rope and tying his feet by rope to another (fallen) tree; Jackson and Walsh then left Grant tied to the trees; later that evening Grant managed to force himself loose and eventually to get in touch with the Hackensack Police Department which in turn called in the F.B.I.

(6) The essential evidence against Jackson, briefly summarized above, was subjected to extensive cross examination and was the subject of full arguments to the jury. In the last analysis, however, the jury, by its verdict of guilty against Jackson, could have found the evidence substantially as stated above. Jackson did not testify at the trial. The

1. The delay between indictment and trial is due in large measure to proceedings in the District Court and in the Supreme Court which tested the constitutionality of the death penalty provision of the Federal Kidnaping Act as it stood at the time the instant indictment was returned. Upon motion of defendants, the District Court dismissed the kidnaping count of the indictment on the ground that the death penalty provision of the Act was unconstitutional in that it impaired defendants' free exercise of their right to trial by jury in violation of the Sixth Amendment. United States v. Jackson, 262 ·F.Supp. 716 (D.Conn.1967). The Supreme Court upon direct appeal likewise held the death penalty provision of

the Act to be unconstitutional, but remanded the case to the District Court for trial on the kidnaping count under the statute construed as providing for maximum punishment of life imprisonment. United States v. Jackson, 390 U.S. 570 (1968).

2. One of Jackson's co-defendants, John Albert Walsh, Jr., upon his plea of guilty to count one, was sentenced on December 2, 1968 to a 22 year term of imprisonment pursuant to 18 U.S.C. § 4208(a) (2); count two was dismissed as against Walsh upon motion of the government. The third co-defendant, Alexander De La Motte, is awaiting trial on both counts.

weight of the evidence against him was overwhelming.

(7) Prior to trial, the Court, after a full evidentiary hearing, denied Jackson's motion, pursuant to Rule 41(e), Fed.R.Crim.P., to suppress statements given by him to agents of the F.B.I. within a few hours after his arrest on the night of September 13, 1966.[3] Jackson's statements which were the subject of the motion to suppress constituted a confession by Jackson of his role in hijacking the truck, kidnaping and transporting Grant from Connecticut to New Jersey, and leaving Grant tied to trees. Jackson's confession also implicated the other two defendants, Walsh and De La Motte. While Jackson's confession was not offered in evidence against him at his trial, the Court may take it into account on the instant bail application.

## CONCLUSIONS OF LAW

(1) The Court is authorized to order that defendant, who has been convicted and has filed a notice of appeal, be detained without bond pending appeal. 18 U.S.C. § 3148.

(2) The Court has reason to believe that no one or more conditions of release [specified in 18 U.S.C. § 3146(a)] will reasonably assure that defendant will not flee or pose a danger to any other person or to the community. 18 U.S.C. § 3148.

(3) The Court accordingly orders that defendant Charles Jackson be detained without bond pending appeal from his judgment of conviction entered in this Court on November 29, 1968. 18 U.S.C. § 3148.

## OPINION

■ The record of sworn, uncontroverted testimony in this case amply demonstrates that Jackson poses a distinct danger to other persons and to the community. The very crimes of which he has been convicted involved the use by him of a deadly weapon in hijacking a truck, kidnaping and transporting his victim at gunpoint from Connecticut to New Jersey, tying his victim to trees and leaving him to die—for aught Jackson knew when he left him.

■■ In addition to the existence of a risk of danger ground of the instant order that defendant be held without bond pending appeal, the instant order also is based on the existence of a risk of flight. The Court believes that the fact that Jackson faces a 25 year sentence of imprisonment is alone sufficient to justify the risk of flight ground of the instant order. In any event, detention pending appeal is authorized on either or both grounds by 18 U.S.C. § 3148.

In accordance with this Court's policy of denying bail pending sentence or appeal only in an extraordinary case,[4] the Court holds that this is just such an extraordinary case.

3. United States v. Jackson, 287 F.Supp. 80 (D.Conn.1968).

4. Compare United States v. Tropiano, Grasso and Pellegrino, 296 F.Supp. 280, 284 (D.Conn.1968) (government's motions that defendants be held without bond (i) pending sentence, and (ii) pending appeal granted; Court of Appeals affirmed both orders on December 2, 1968 and December 18, 1968, respectively; and Mr. Justice Harlan denied bail pending appeal on January 18, 1969); United States v. Ursini and Capaldo, 276 F.Supp. 993 (D. Conn.1967) (government's motion that defendants be held without bond pending appeal granted; Court of Appeals denied bail pending appeal on November 29, 1967), with United States v. Coppola and Connelly, 280 F.Supp. 192 (D.Conn.1968) (government's motion that defendants be held without bond pending appeal denied). See United States v. Crutcher, Hazel and Payne, 287 F.Supp. 356 (D.Conn.1968) (defendants' motions for reduction of bail pending appeal denied); United States v. Payne, 292 F.Supp. 1012 (D.Conn. 1968) (defendant's motion for reduction of bail pending retrial denied); United States v. Reed, 284 F.Supp. 323 (D. Conn.1968) (government's motion to revoke bond pending appeal granted).