**UNITED STATES of America**

v.

**Joseph ASPARRO.**

**Crim. No. 12226.**

United States District Court
D. Connecticut.

May 12, 1969.

J. Daniel Sagarin, Asst. U. S. Atty., New Haven, Conn., for the United States.

James E. Birdsall and Alfonso A. Ilaria, New York City, for defendant.

TIMBERS, Chief Judge.

Immediately after defendant was sentenced to an 8 year term of imprisonment under 18 U.S.C.§4208(a)(2) and fined $10,000 upon his conviction by a jury of interstate transportation of stolen securities in violation of 18 U.S.C. § 2314, the government moved, pursuant to 18 U.S.C.§3146(a)(4), that defendant be released pending appeal only upon posting a $50,000 surety bond. After a hearing at which defendant was present and was represented by counsel, the Court granted the government's motion.

Defendant on May 7, 1969 having filed a notice of appeal and having requested the Court to file findings of fact and conclusions of law in support of its bond order, the Court accordingly does so.

## FINDINGS OF FACT

(1) Defendant was charged in a one count indictment returned by a grand jury in the District of Connecticut on May 7, 1968 with interstate transportation of stolen securities on April 22, 1968 in violation of 18 U.S.C. § 2314.

(2) Pending trial, defendant was released under a $25,000 surety bond. He remained at liberty under this bond until his conviction by the jury.

(3) Ably represented by retained counsel, defendant was convicted by a jury on March 31, 1969, after a nine day trial at New Haven.

(4) Immediately upon return of the jury verdict of guilty, the government moved that defendant's bond pending sentence be increased from $25,000 to $50,000 with surety. After a hearing at which defendant was present and was represented by counsel, the Court granted the government's motion. Defendant has been in custody since March 31, 1969, not having posted the additional $25,000 surety bond ordered by the Court on that date.

(5) Following a presentence investigation and report, defendant was sentenced on April 28, 1969 to an 8 year term of imprisonment and was ordered to pay a $10,000 committed fine within 30 days. The sentence of imprisonment was imposed under 18 U.S.C.§4208(a)(2). The Court recommended commitment to any penitentiary except where the witness Anthony T. Trotta is incarcerated.

(6) Immediately after imposition of sentence, the government moved, in the event of an appeal, that defendant's bond, pursuant to 18 U.S.C. § 3146(a)(4), be fixed at $50,000 with surety—the same amount which previously had been fixed at the time of the return of the jury verdict on March 31, 1969. After a hearing at which defendant was present and was represented by counsel, the Court granted the government's motion.

(7) On May 7, 1969, defendant filed a notice of appeal, a copy of which was sent with the docket entries to the Court of Appeals on the same date.

(8) There was evidence from which the jury could have found that the securities which defendant had transported from New York to Connecticut and which he had in his possession when he was arrested at gunpoint in Fairfield, Connecticut, on the night of April 22, 1968, had a value in excess of $300,000.

(9) These securities were part of a larger batch of securities with a value in excess of $2,000,000 which had been stolen from the United States mails at Kennedy International Airport. Defendant had been in contact with one Isadore Rotterman of Toronto, Canada, and one Stanley Reinhart of Montreal, Canada, under arrangements pursuant to which, if the securities in defendant's possession were not successfully disposed of in the United States, they would be taken to Canada for disposition. Asparro is named as a co-conspirator—not as a defendant—in a criminal action now pending in the District of Connecticut entitled United States v. Carneglia, Reinhart, Rotterman and Hilton, Criminal No. 12381; all defendants therein are fugitives.

(10) There was overwhelming evidence at the trial from which the jury could have found that the government had established beyond a reasonable doubt each of the essential elements of the crime charged: (a) that the securities involved were worth at least $5,000; (b) that the securities had been stolen; (c) that defendant transported the securities in interstate commerce; (d) that defendant knew the securities had been stolen; and (e) that defendant's interstate transportation of the stolen securities had been done wilfully and with specific criminal intent.

(11) Although defendant testified at the trial, his testimony did not controvert essential elements (a), (b) and (c) referred to above. He did testify that he did not know that the securities he transported from New York to Connecticut had been stolen and he denied acting wilfully and with specific criminal intent. The jury resolved this conflict by its verdict of guilty. On the issue of wilfulness, defendant admitted that he lied to law enforcement officers when he told them he had found the securities in a garbage pail. At the request of defendant's counsel, the Court charged the jury upon defendant's claim of entrapment in

accordance with the approved charge in this Circuit on that issue,[1] defendant's counsel having vigorously urged that defendant had been induced by government agents to come from New York to Connecticut to sell the securities in order to establish the interstate transportation element of the offense. At the trial, however, defendant flatly denied that he transported the securities from New York to Connecticut at the suggestion of any government agent; his story was that, for a fee of $100, he drove from New York to Connecticut with the securities in a shopping bag at the request of a friend named "Joe" for whom he had made at least three previous deliveries.

(12) In determining what condition of release, in the exercise of the Court's judgment, will reasonably assure defendant's appearance, the Court has taken into account all of the factors referred to in 18 U.S.C. § 3146(b). In view of the findings set forth above, release conditioned upon a $50,000 surety bond pending appeal is believed to be adequately justified by the nature and circumstances of the offense charged, the overwhelming weight of the evidence upon which the jury convicted defendant and the substantial term of imprisonment imposed upon defendant.

## CONCLUSIONS OF LAW

(1) The Court is authorized, pursuant to 18 U.S.C. § 3148, to order that defendant, who has been convicted and has filed a notice of appeal, either be detained without bond or be released pursuant to the first of the conditions of release specified in 18 U.S.C. § 3146(a) which will reasonably assure his appearance.[2]

(2) The Court has reason to believe that the only condition of release which will reasonably assure defendant's appearance is that condition specified below pursuant to 18 U.S.C. § 3146(a)(4).

---

1. United States v. Sherman, 200 F.2d 880 (2 Cir. 1952), conviction after retrial aff'd, 240 F.2d 949 (2 Cir. 1957), rev'd, 356 U.S. 369 (1958); United States v. Pugliese, 346 F.2d 861 (2 Cir. 1965); United States v. Jones, 360 F.2d 92 (2 Cir. 1966), cert. denied, 385 U.S. 1012 (1967); United States v. Riley, 363 F.2d 955, 958 (2 Cir. 1966); United States v. Bishop, 367 F.2d 806, 809 (2 Cir. 1966).

2. The instant decision is in accordance with this Court's policy of denying bail pending sentence or appeal only in extraordinary cases; and, when granting bail after conviction, of adhering to uniform standards as to the sufficiency of the bond required. *Compare* United States v. Tropiano, Grasso and Pellegrino, 296 F.Supp. 280 & 284 (D.Conn.1968) (government's motions that defendants be held without bond (i) pending sentence, and (ii) pending appeal, granted; Court of Appeals affirmed both orders on December 2, 1968 and December 19, 1968, respectively; Mr. Justice Harlan denied motions by Tropiano and Grasso for bail pending appeal on January 18, 1969), United States v. Jackson, 297 F.Supp. 601 (D.Conn.1969) (government's motion that defendant be held without bond pending appeal, granted), United States v. Ursini and Capaldo, 276 F.Supp. 993 (D.Conn.1967) (government's motion that defendants be held without bond pending appeal, granted; Court of Appeals denied bail pending appeal on November 29, 1967), *with* United States v. Coppola and Connelly, 280 F.Supp. 192 (D.Conn.1968) (government's motion that defendants be held without bond pending appeal, denied). See United States v. Crutcher, Hazel and Payne, 287 F.Supp. 356 (D.Conn.1968) (defendants' motions for reduction of bail pending appeal, denied); United States v. Payne, 292 F.Supp. 1012 (D.Conn.1968) (defendant's motion for reduction of bail pending retrial, denied); United States v. Reed, 284 F.Supp. 323 (D.Conn.1968) (government's motion to revoke bond pending appeal, granted).

In United States v. Coppola and Connelly, *supra*, defendant Coppola was sentenced to concurrent terms of 10 years imprisonment for violations of 18 U.S.C. §§ 2314 and 2315 and a concurrent term of 5 years imprisonment for conspiracy in *violation* of 18 U.S.C. § 371. He was fined a total of $30,000. The offense for which he was sentenced to 10 years under 18 U.S.C. § 2314 was transporting stolen securities from New York City to Bridgeport and Fairfield, Connecticut. He was released pending appeal upon a $75,000 surety bond.

(3) The Court accordingly orders that defendant Joseph Asparro be released pending appeal only upon posting a $50,000 surety bond or upon depositing cash in that amount with the Clerk of this Court in lieu of bond.