**UNITED STATES of America**

v.

**Grady QUICKSEY, also known as "Son", et al.**

**Crim. No. 73–67.**

United States District Court,
S. D. West Virginia,
Bluefield Division.

Feb. 25, 1974.

John A. Field, III, U. S. Atty., Charleston, W. Va., Robert B. King, Asst. U. S. Atty., Charleston, W. Va., for plaintiff.

Chester Lovett, William L. Lonesome, Charleston, W. Va., for Grady & Mary Jane Quicksey.

Herbert H. Henderson, Huntington, W. Va., Brown H. Payne, Beckley, W. Va., for Alfred Dumeur.

## MEMORANDUM OPINION AND ORDER

K. K. HALL, District Judge.

Before the Court for consideration and disposition is the motion of defendant Mary Jane Quicksey for "Bail and Release Pending Appeal." In order to put this motion in proper perspective, it is appropriate that the background of this case, including certain of the facts involved, be briefly reviewed.

This case involves a ten count indictment relating to violations of the federal narcotics laws. The First Count of the indictment charges a conspiracy against five defendants, Mary Jane Quicksey, her husband, Grady Quicksey, Beatrice Graves, Alfred Dumeur and Cora Moore. Counts Two through Ten, all substantive offenses, charge Grady Quicksey only. Trial was held in Bluefield, West Virginia, from January 29 through February 5, 1974. The trial related to all defendants except Cora Moore, who died prior to trial.

On February 5, 1974, a jury returned a verdict of guilty as to Grady Quicksey, Mary Jane Quicksey and Alfred Dumeur on the First Count of the indictment, and against Grady Quicksey on eight of the substantive counts of the indictment. Beatrice Graves was acquitted. Following the jury verdict, Grady Quicksey was sentenced to thirty (30) years in custody and fined a total of Two Hundred Forty Thousand Dollars ($240,000.-00), Alfred Dumeur was sentenced to thirty (30) years in custody and fined Fifty Thousand Dollars ($50,000.00), and Mary Jane Quicksey was sentenced to fifteen (15) years in custody and fined Twenty-Five Thousand Dollars ($25,000.00). At that time, the bonds of the three convicted defendants were revoked and they were remanded to custody.

Following sentencing, Mary Jane Quicksey (hereinafter referred to as the defendant) filed her Motion for Bail and Release Pending Appeal. This motion and other pre-trial motions were set for hearing on February 15, 1974, in Charleston, West Virginia. At that time motions of the defendant for a New Trial and in Arrest of Judgment were heard and overruled. At the request of the defendant an evidentiary hearing on the Motion for Bail and Release Pending Appeal was continued until February 19, 1974.

On February 19, 1974, a hearing on this motion was held, and the defendant, a resident of Beckley, West Virginia, called several witnesses who were personally acquainted with her. These witnesses stated that in their opinion the defendant would not pose a danger to the community and would not flee should she be released on bond. Most of them also stated that they were of the opinion that she was innocent of the charges of which she has been convicted. Most also stated that they consider heroin dealers and dope pushers to be a danger to the community. One of the witnesses stated, on cross-examination, that he had heard the defendant was engaged in the prostitution and gambling business.

This Court heard the evidence presented at the trial of this case. Under that evidence, the defendant and her co-defendant husband, Grady Quicksey, were involved in a heroin distribution ring that transported heroin from New York to West Virginia and caused it to be distributed in Charleston and Beckley, West Virginia. Their supplier, or connection, in New York, was co-defendant Alfred Dumeur. In Count Ten of the indictment, Grady Quicksey was convicted of being the organizer, supervisor and manager of a heroin distribution ring involving at least five other persons from which he obtained substantial income and resources.

The evidence also indicated that the defendant played more than a passive role in the heroin distribution ring. It revealed that she had traveled into Virginia to meet a co-conspirator delivering heroin from New York, and had received a substantial amount of heroin from the co-conspirator in Virginia. She also received payments from dope pushers for heroin, which was being distributed, and otherwise participated in the conspiracy, as the record reflects.

The jury, in convicting Mary Jane Quicksey of the charge in the First Count of the indictment, found her guilty of a conspiracy under Title 21, United States Code, Section 846. That charge was, in substance, that she conspired with numerous other persons, both defendants and unindicted co-conspirators, to violate statutes of the United States concerning the distribution of heroin and the transportation of heroin in interstate commerce.

Under Rule 9(c) of the Federal Rules of Appellate Procedure and Rule 46(c) of the Federal Rules of Criminal Procedure eligibility for release on bond pending appeal is governed by the provisions of Title 18, United States Code, Section 3148. Both rules also provide as follows:

> "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."

Under Section 3148 of Title 18, United States Code, a person who has been convicted and has filed an appeal is to be treated in accordance with the provisions of Section 3146 of Title 18, United States Code, which provides for release in noncapital cases prior to trial. Section 3148 provides that such a person shall be so considered

> "unless the Court . . . has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community."

That statute further provides as follows:

> "If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for de-

lay, the person may be ordered detained."

■ It is clear that under these provisions there is no right to bail after conviction. The question of whether a convicted defendant is to be released on bail pending appeal rests in the sound discretion of the trial Court. United States v. Baca, 444 F.2d 1292 (10th Cir. 1971), cert. denied 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294 (1971).

■ It is clear that the standards for post-trial release are much stricter than the standards relating to pre-trial release. Particularly, in considering release pending appeal, the Court may consider the individual's potential for danger to the community. And in this regard, under the rules, the burden is on the defendant to prove he is not a danger to the community.

■ It has been held that engaging in narcotics traffic is a danger to the community within the meaning of Section 3148. United States v. Erwing, 280 F.Supp. 814 (N.D.Cal.1968). This Court agrees, and holds that a conviction for conspiracy to deal in and distribute heroin is sufficient to warrant a determination that the defendant is a "danger to the community" within the meaning of the law.[1]

Furthermore, the fact that the defendant faces a sentence of fifteen (15) years in prison is sufficient to indicate that she might flee should she be released pending appeal. United States v. Jackson, 297 F.Supp. 601 (D.Conn.1969).

This Court, having heard the evidence at the trial of this case, and having heard evidence presented in support of this motion, is of the opinion that it should be denied.

It is, accordingly, ordered that the motion of the defendant for bail and release pending appeal be, and it is hereby, denied, for the following reasons:

(1) The defendant has not sustained her burden under Rule 9(c) of the Federal Rules of Appellate Procedure and Rule 46(c) of the Federal Rules of Criminal Procedure, of establishing that she would not flee or pose a danger to any other person or to the community.

(2) The Court is of the opinion that the nature of the offense for which the defendant was convicted, a conspiracy to deal in and distribute heroin, is such a crime as to make the defendant a danger to other persons and to the community.

(3) The defendant has a prior felony conviction.

(4) The defendant has been sentenced to imprisonment for a term of fifteen (15) years and fined Twenty-Five Thousand Dollars ($25,000.00), which sentence and fine considered in light of the prior criminal record of the defendant indicate a substantial risk of flight.

(5) The Court is of the opinion that the evidence adduced at trial relative to the guilt of this defendant was strong and convincing.

(6) And for such other reasons as are reflected in the record of this case.

The Court has advised the defendant and her counsel, and does hereby again advise the defendant and her counsel, that application can be made immediately for the relief sought herein by applying to the United States Court of Appeals for the Fourth Circuit or to any Judge of that Court.

And the Court has also advised the defendant, and does hereby again advise the defendant and her counsel, that the defendant may appeal this decision, and that she has a right to appeal in forma pauperis and to have counsel appointed to represent her in such an appeal.

The Clerk is hereby directed to serve a certified copy of this Order upon counsel of record and upon the defendant personally.

This case being pending on the Bluefield docket of the Court, it is further directed that this Order be entered accordingly.

---

[1]. The defendant also has a prior felony conviction, in 1953, for violation of the moonshine liquor laws.