**UNITED STATES of America, Plaintiff,**

v.

**Israel ALVAREZ, Sr., Defendant.**

**No. 81–339–Cr–EPS.**

United States District Court,
S.D. Florida.

Aug. 26, 1982.

---

**MEMORANDUM OPINION AND ORDER DENYING BOND PENDING APPEAL**

SPELLMAN, District Judge.

This cause came before the Court on Defendant, Israel Alvarez Sr.'s motion for bond pending appeal of the above styled cause. Having reviewed the record in this cause and being otherwise duly advised, it is hereby,

ORDERED AND ADJUDGED that said motion is DENIED.

The Defendant, Israel Alvarez, Sr., was named in two counts of a seven count indictment which resulted from a DEA undercover "reverse sting" operation.[1] Specifically, the Grand Jury charged that Israel Alvarez, Sr., and others did knowingly and

---

1. The Court entered a judgment of acquittal at the close of the Government's case as to Counts II–VI.

Agent Perez testified that a "reverse sting" is

willfully combine, conspire, confederate and agree to knowingly and intentionally possess with the intent to distribute a quantity of marijuana and cocaine in violation of Title 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. In addition, it was charged that Israel Alvarez, Sr., willfully did cause an act to be done which if directly performed would be an offense against the United States, to wit: to cause Jose Antonio Leyve to utter counterfeit United States currency in violation of 18 U.S.C. § 2 and 18 U.S.C. § 472.

The evidence presented at trial indicates the Alvarez, Sr., was the leader or spokesman for a group of individuals (the co-defendant co-conspirators) who conspired to purchase, possess and distribute 23,000 pounds of marijuana and 7 pounds of cocaine. During the planning stages of this transaction, Alvarez, Sr. suggested or threatened, in the presence of DEA agent Juan Perez, the use of violence. Although the evidence does not indicate that Alvarez Sr. was armed on any occasion, several of the co-defendants, whom Alvarez Sr. claimed worked for him, were seen carrying weapons. Finally, the evidence shows that Alvarez Sr. and his co-conspirators were able to obtain in excess of $350,000 in United States currency on relatively short notice in order to consummate the illicit drug transaction.[2]

On April 16, 1982 a jury found Alvarez, Sr., guilty of both offenses as charged. On June 25, 1982 this Court imposed sentences of 15 years and $15,000 for the conspiracy charge (Count I) and 5 years to run concurrently on the aiding and abetting charge (Count VII). The Defendant now seeks bond pending appeal of his conviction.

when Government agents pose as narcotic sellers in order to seize cash from the unsuspecting purchasers.

2. A portion of the seized currency was counterfeit. The Court believes that the Defendant's ability to obtain this large sum of cash under these circumstances should be considered in determining his financial ability to flee.

"The decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. § 3148. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."[3] Fed.R.App.P. 9(c). The two release criteria referred to in Rule 9(c) embody several more specific factors. These factors include:

(1) the nature and circumstances of the offense;

(2) weight of the evidence against the accused;

(3) the defendant's family ties;

(4) the defendant's employment status;

(5) the defendant's financial resources;

(6) the defendant's character and mental condition;

(7) the length of defendant's residence in the community;

(8) any prior criminal record; and

(9) any flight or failures to appear in court proceedings prior to or during the time of trial.

*United States v. Stanley,* 469 F.2d 576 (D.C. Cir.1972); *United States v. Miranda,* 442 F.Supp. 786 (S.D.Fla.1977). It is the view of the Court after evaluating the aforementioned factors in the context of the case and defendant *sub judice* that the motion for release pending appeal should be denied.

The Defendant was convicted of conspiring to possess and distribute a very large amount of marijuana and cocaine and of aiding and abetting the utterance of counterfeit United States currency.[4] The Court finds these offenses to be serious ones and notes that the manner in which the Defendant negotiated and planned the transaction at issue clearly indicates his intent to carry

3. Pursuant to 18 U.S.C. § 3148 the Court finds that the appeal of this Defendant's conviction is not frivolous or taken for delay and therefore the Court will go on to consider whether there is a risk of flight or danger to the community.

4. During the course of the transaction at issue, the Defendant was in the presence of several pounds of marijuana delivered by agent Perez as a sample.

through the bargain. Specifically, the Court refers to the fact that Alvarez, Sr., was present when agent Perez delivered the sample bag of marijuana and that he directed the Defendant Bosquet to take Perez' car with the sample to a house near by. Alvarez Sr. was present when the sample was examined and the price was discussed and it was at this time that the testimony indicated the presence of weapons in the possession of individuals that Alvarez Sr. claimed worked for him.[5] Finally, Alvarez Sr., was present at the time the money was exchanged and he appeared throughout, aside from his statements, to be in charge of the operation. On the basis of the testimony presented at trial, the Court believes that there is substantial evidence against Alvarez Sr. and that the nature and circumstances of the offense are such that release pending appeal is inappropriate.

While the Defendant does have extensive family ties in the community it is questionable whether that fact favors his release. The Court notes that three other members of the Alvarez family were indicted and tried together and that all of them were convicted. Moreover, several of the Defendant's relatives and friends were indicted and convicted for perjury stemming from statements made at their bond hearing in this cause. Thus, it appears to the Court that the existence of family and other ties to the community do not favor release because the Court would be returning the Defendant to surroundings where he will be associating with other convicted felons.[6]

Similarly, the Defendant's employment status and financial resources do not favor release. At a hearing before Magistrate Nimkoff the Defendant testified that he worked as a manager of building maintenance for an off shore entity named Rantomex for between $30,000 and $50,000 a year. However, the Defendant does not know who the principles in Rantomex are and the individual who pays Alvarez Sr., attorney Juaquin Fernandez invoked the Fifth Amendment and attorney-client privilege when asked the source of Rantomex' capital and the principles therein.[7] The Court finds the Defendant's compensation and employment arrangement curious at best and, regardless of the propriety thereof, concludes that Alvarez Sr. is financially capable of flight.

With regard to the Defendant's character and mental condition, the only evidence before the Court is the testimony of agent Perez at trial that Alvarez Sr., threatened the use of violence on one occasion in order to expedite the delivery of the marijuana. Although there have been some statements by the United States Attorney and the case agent regarding other threats of violence, no evidence has been presented to the Court in support thereof and the Court will disregard those comments for the purposes of ruling on the motion *sub judice*.

With regard to the remaining three factors, the Court finds that the Defendant has resided in this community for an extended period of time (14 years), he has no record of prior criminal activity and he never failed to appear prior to or during the trial of this cause. However, these three facts do not overcome the weight of the previous six factors that favored a denial of the Defendant's motion for release pending appeal.

The Court finds that the Defendant Israel Alvarez Sr. poses a threat to the community that is not limited to his potential to do physical harm. On the present record, the Court is not convinced that the Defendant will engage in a non-illicit occupation and that he will cease to associate with drug traffickers. *See United States v. Nelson,* 346 F.Supp. 926 (S.D.Fla.1972) *aff'd* 467

---

**5.** Agent Perez testified that Alvarez claimed to have 120 persons working for him and that many of them lived in the area.

**6.** The Court was particularly concerned with the involvement of the Defendant's family and friends in the conspiracy and found it to be a major reason why no one or more conditions for release could assure that he would not flee or pose a danger to the community.

**7.** Mr. Fernandez was counsel of record for one of the co-defendants in the trial of this cause.

F.2d 944 (5th Cir. 1972). Moreover, the Court finds that the Defendant is financially capable of flight and that in light of the sentence imposed there is an incentive to flee.[8] It was the Defendant's burden to disprove these facts and the Court finds he has failed to meet that burden. Fed.R. App.P. 9(c). For these reasons, the motion for release pending appeal is DENIED.

**8.** *See United States v. Jackson,* 297 F.Supp. 601 (D.Conn.1969). In light of the Court's findings that the Defendant was charged and convicted of serious crimes, that there was substantial evidence against him, that release to his family and friends would place him in the company of other convicted felons, that he is financially capable of flight and his employment status is suspect and that he has on at least one occasion threatened violence, the Court concludes that there are no one or more conditions for release that would assure the Defendant would not flee or pose a danger to the community.